UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARVIN MOSBY, | Case No. 3:14-c-00251-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

I.  **BACKGROUND**

The papers presented along with the online docket records of the state courts and this Court reflect the following.

Petitioner Marvin Mosby challenges his Nevada state conviction, pursuant to a jury verdict, of larceny from the person and his adjudication and sentencing as a habitual criminal under Nevada's "large" habitual criminal statute, in No. C271646 in the state district court. He is sentenced as a habitual criminal to life without the possibility of parole.

1     The original judgment of conviction was filed on November 15, 2011.

2     On November 15, 2012, on direct appeal in No. 59839, the Supreme Court of Nevada affirmed the challenged conviction as well as the habitual criminal adjudication and sentence. The court reversed a grand larceny conviction based on double jeopardy and remanded for entry of an amended judgment.

6     The amended judgment of conviction was filed on January 30, 2013.

7     The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on February 13, 2013, running from the November 15, 2012, order.

10    The thirty-day time period for filing a direct appeal from the January 30, 2013, amended judgment of conviction expired on March 1, 2013.

12    On September 3, 2013, the Clerk of this Court received and filed petitioner's federal petition challenging the conviction and sentence, under Case No. 2:13-cv-01609-APG-VCF. The petition was dismissed without prejudice by a final judgment on February 6, 2014, after petitioner failed to file an amended petition in compliance with the Court's orders.

17    On March 28, 2014, the Clerk received and filed petitioner's second federal petition challenging the conviction and sentence, under Case No. 3:14-cv-00171-MMD-VPC. The petition was dismissed without prejudice by a final judgment on April 14, 2014, because the action was not properly commenced by payment of the filing fee or submission of a pauper application.

22    It appears from the state district court online docket that petitioner filed a state post-conviction petition on or about April 3, 2014. Court minutes for April 28, 2014, reflect that the state district court is dismissing the petition as untimely, with written findings and conclusions to be prepared.

26    On or about May 12, 2014, petitioner mailed the present federal petition to the Clerk for filing.

28    ///

## II. DISCUSSION

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the federal limitation period began running after the expiration of the time for seeking *certiorari* review, *i.e.*, after February 13, 2013, and thus expired on February 13, 2014.

Even if the Court were to assume that the federal limitation period began running instead after the expiration of the time for filing an appeal from the amended judgment of conviction, the limitation period would start running after March 1, 2013, and expire on Monday, March 3, 2014.

The present federal petition was mailed for filing on May 12, 2014, after both the February 13, 2014, and March 3, 2014, dates.

The two prior federal petitions did not toll the running of the federal limitation period as to this action. *Duncan v. Walker*, 533 U.S. 167 (2001). The second federal petition in any event was untimely under the procedural history summarized herein.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, it does not appear that, absent other tolling or delayed accrual, petitioner's untimely state petition would render his federal petition timely, for two reasons. First, an untimely state petition is not properly filed for purposes of statutory tolling under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Second, and most significantly, the federal limitation period already had expired, absent other tolling or delayed accrual, before the untimely state petition was filed. Thus, even if the state supreme court ultimately were to hold that the state petition was timely, such

3

a holding would not also result in the federal petition being timely on the current record. The federal limitation period already had expired prior to the filing of the state petition, such that statutory tolling under § 2244(d)(2) would not render the federal petition timely, absent other tolling or delayed accrual.

The federal petition therefore is untimely on its face.

Petitioner accordingly must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Accord *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).

### III. CONCLUSION

It is therefore ordered that, within thirty (30) days of entry of this order, petitioner shall show cause in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show — with specific, detailed and competent evidence — that the petition is timely, the action will be dismissed with prejudice.

It is further ordered that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact — including assertions of fact regarding alleged actual innocence that are not supported by competent evidence — will be disregarded.

It is further ordered that this order does not signify by omission that either the petition or the claims therein otherwise are free of deficiencies, as the Court defers consideration of any other deficiencies in the papers presented until after assessing the timeliness issue in the first instance.[1]

DATED THIS 23rd day of May 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The Court is not acting first on petitioner's motion for a stay pending litigation of the timeliness issue as to the state petition. The Court instead first will consider the question of whether the federal petition is timely before it considers other requests for relief. That is, if the current federal petition is untimely or not subject to other possible tolling, a stay leading to further proceedings thereafter would be futile and an imprudent application of resources.