UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARVIN MOSBY,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>RENEE BAKER, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:14-c-00251-MMD-WGC<br><br>ORDER |

　　　　This habeas matter comes before the Court on a *sua sponte* inquiry as to whether the petition should be dismissed as untimely as well as on petitioner's motion for stay and abeyance (dkt. no. 2) and unsigned motion to show cause (dkt. no. 5). The latter unsigned filing follows upon the Court's prior show-cause order (dkt. no 4).

　　　　Following review of petitioner's unsigned show-cause response (dkt. no. 5), the Court finds that provisional appointment of federal habeas counsel would be in the interests of justice. The Court's action in no sense reflects a tacit acceptance of any factual assertion or legal argument presented in the unsigned response. The Court in particular makes no tacit acceptance of the proposition that either the Clerk or the Court could or should have taken any different action — such as filing petitioner's first federal action instead as a state district court proceeding — in petitioner's first federal action in Case No. 2:13-cv-01609. Nor does the Court make any tacit acceptance of the assertion that any alleged failure of the Clerk and Court to process the papers instead as what petitioner now maintains should have been a state action has any material bearing on his failure to file a timely federal — or state — petition.

Rather, the Court is appointing counsel so that the extent to which petitioner's alleged health care issues and alleged related restrictions on his access to legal materials at possibly relevant times affected his ability to file a federal petition timely can be assessed on an adequate record. An inmate has only restricted access to his health care records, including also in circumstances where the health care records constitute an exhibit in a court proceeding. Appointed counsel will be able more readily both to access the records in the first instance and thereafter to respond to court filings regarding the content of the records. The Court additionally notes that plaintiff is serving a sentence of life without the possibility of parole on a habitual criminal adjudication.

It appears from petitioner's other fairly recent federal filings in a prior action that he is financially eligible for appointment of counsel. However, prior to confirmation of the appointment of counsel, petitioner must establish current financial eligibility for the record in this matter.

The Court will deny the two pending *pro se* motions without prejudice. The Court notes that it is not inclined on the current record to stay this action pending a conclusion of the state post-conviction appeal from the state district court's denial of petitioner's state petition as untimely. As discussed in the show-cause order, even if the state supreme court ultimately were to find the state petition timely, such a holding would not render the current federal petition timely. The Court therefore is not inclined, at least at this juncture and on the current record, to stay proceedings that will be directed initially to determining whether this action is timely.

However, the Court will provide counsel an opportunity to file a counseled amended petition prior to conclusively adjudicating whether this action is timely on a motion to dismiss by respondents. Nothing in the Court's action implies that the running of the federal limitation period is tolled during the time allowed for counsel to investigate the matter and file an amended petition, including any extensions. The federal limitation period has expired on its face, and petitioner at all times has been, and remains, responsible for timely asserting claims in the appropriate forum.

It is therefore ordered that counsel is provisionally appointed for petitioner. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to petitioner, within thirty (30) days of entry of this order, submitting a current inmate account statement confirming his financial eligibility for appointment of counsel.

It is further ordered that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court will appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the discussion herein, for approximately one hundred twenty (120) days from entry of the formal order of appointment. Petitioner potentially also will be able to file a motion for a stay with the amended petition if it includes unexhausted claims. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating all limitation periods and timely presenting claims.

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

It is further ordered that petitioner's pending motions (dkt. nos. 2 & 5) are denied without prejudice.

///

The Clerk, accordingly, shall send a copy of this order to the *pro se* petitioner (along with a copy of the petition), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator.

The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED THIS 19th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE