UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARVIN MOSBY,<br><br>　　　　　　　Petitioner,<br>　　v.<br><br>RENEE BAKER, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:14-cv-00251-MMD-WGC<br><br>ORDER |

Before the Court is petitioner's counseled motion for a stay of these federal habeas proceedings until his state habeas petition is resolved. (Dkt. no. 14.) Respondents filed their non-opposition. (Dkt. no. 16.)

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.  The *Rhines* court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the

petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Petitioner states that he has a state postconviction petition still pending in state court. (Dkt. no. 14 at 7-8.) The state court petition was dismissed as untimely, but the Nevada Supreme Court reversed that order and ordered an evidentiary hearing to determine whether the state petition was in fact timely filed. (*Id.* at 8.)

In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance. *See also, Rudin v. Myles*, 766 F.3d 1161, 1174 (9th Cir. 2014). In this regard, petitioner's *pro se* federal petition was appropriately filed as a protective petition. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. It is unclear whether petitioner's state postconviction petition will be deemed timely filed. Accordingly, a stay and abeyance of this federal habeas corpus proceeding is appropriate. Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test. Currently, the Court has no indication that petitioner engaged in dilatory litigation tactics. This Court thus concludes that petitioner
///

has satisfied the criteria for a stay and abeyance under *Rhines*. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

It is therefore ordered that petitioner's motion for stay and abeyance (dkt. no. 14) of this federal habeas corpus proceeding is granted.

It is further ordered that petitioner's first and second motions for extension of time to file a first amended petition (dkt. nos. 12 and 13) are both denied as moot.

It is further ordered that this action is stayed pending final resolution of petitioner's postconviction habeas petition.

It is further ordered that the grant of a stay is conditioned upon petitioner, through his counsel, returning to federal court with a motion to reopen the case within forty-five (45) days of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the postconviction habeas petition.

It is further ordered that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 11th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE