UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARVIN MOSBY,<br><br>　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　Respondents. | Case No. 3:14-cv-00251-MMD-WGC<br><br>ORDER |

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 11, 2015, the Court granted petitioner Marvin Mosby's counseled motion to stay and administratively closed this case until the conclusion of Mosby's state-court proceedings (ECF No. 17).

Before the Court is Mosby's motion to reopen the case (ECF No. 19). Petitioner has filed the relevant state-court record to demonstrate that his state-court proceedings have concluded (ECF No. 20). Respondents do not oppose the motion (ECF No. 21). Good cause appearing, this action is reopened.

It is therefore ordered that petitioner's motion to reopen the case (ECF No. 19) is granted.

It is further ordered that, as the stay is lifted by this order, the Clerk will reopen the file in this action.

It is further ordered that counsel for petitioner shall meet with petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28

U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

It is further ordered that counsel for petitioner shall file an amended petition for writ of habeas corpus within seventy-five (75) days, which shall include all known grounds for relief (both exhausted and unexhausted). Respondents shall have thirty (30) days after the filing of the amended petition within which to answer, or otherwise respond to, the amended petition. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatim fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that the parties must send courtesy copies of all exhibits to the Reno Division of this Court. For this case, courtesy copies may be in paper form or as PDF documents saved to a CD — with each PDF clearly identified by exhibit number. Courtesy copies must be delivered to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the address label. Additionally, in the future, all parties must provide courtesy copies of any additional exhibits submitted to the Court in this case in the manner described above.

DATED THIS 26th day of July 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE