UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARVIN MOSBY,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 3:14-cv-00251-MMD-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss petitioner Marvin Mosby's counseled, first-amended petition as untimely. (ECF No. 28.) Mosby opposed (ECF No. 33), and respondents replied (ECF No. 34). As discussed below, respondent's motion will be granted.

**I.    BACKGROUND**

On May 26, 2011, a jury convicted Mosby of count 1: larceny from the person, and count 2: grand larceny. (Exh. 50.)[1] Noting that the state had introduced evidence of 12 prior felonies, including two convictions for ex-felon in possession of a firearm, the state district court adjudicated him a large habitual criminal and sentenced him to life without the possibility of parole. (Exh. 52.) Mosby filed a motion for reconsideration. (Exh. 53.) The state district court conducted a hearing and denied the motion. (Exhs. 55, 56.) Judgment of conviction was filed on November 15, 2011. (Exh. 3.)

---

[1]Exhibits referenced in this order are exhibits to petitioner's motion to stay and abey (ECF No.14) and first-amended petition (ECF No. 24) and are found at ECF Nos. 15, 25-26.

On November 15, 2012, the Nevada Supreme Court affirmed the conviction as to count 1 and reversed and remanded as to count 2. (Exh. 5.) Remittitur issued on December 12, 2012. (Exh. 5a.) The amended judgment of conviction was filed on January 30, 2013; count 2 was dismissed and the sentence on count 1 remained the same. (Exh. 6.)

On April 3, 2014, Mosby filed what he called a supplemental petition for writ of habeas corpus. (Exh. 19.) He styled it as a supplement, but as no state postconviction petition had been filed, the state district court dismissed it as time-barred. (Exh. 63.) Petitioner represented in a motion for leave to file the supplement that he had in fact submitted a state postconviction petition on September 3, 2013. (*See* Exh. 25.) Ultimately, the Nevada Supreme Court reversed and remanded to the state district court for an evidentiary hearing as to whether a timely state postconviction petition had been filed. (Exh. 25.) The state district court conducted an evidentiary hearing, denied the petition, and the Nevada Court of Appeals affirmed. (Exhs. 26, 27, 33.) Remittitur issued on May 18, 2016. (Exh. 64.)

Meanwhile, Mosby dispatched his federal habeas petition for mailing on May 12, 2014. (ECF No. 1.) This Court appointed counsel, and petitioner filed a counseled motion for stay and abeyance. (ECF Nos. 14, 15.) This Court granted the motion. (ECF No. 17.) On July 26, 2016, this Court granted Mosby's motion to reopen the case, and he filed a counseled, first-amended petition on December 15, 2016. (ECF No. 24.) Respondents have moved to dismiss the petition as time-barred. (ECF No. 28.)

## II.    LEGAL STANDARDS & ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). The time limitation can also run from the date on which the factual predicate of the claim or claims

2

presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

Here, the state district court filed Mosby's amended judgment of conviction on January 30, 2013. (Exh. 6.) Mosby did not file an appeal, and therefore, his conviction became final thirty days after the judgment of conviction was filed—March 1, 2013. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Accordingly, the AEDPA one-year statute of limitations began to run from that date. The parties do not dispute that the limitations period had already expired when Mosby filed his state postconviction petition April 3, 2014, and had already expired when he filed his original federal petition in this action on May 12, 2014.  However, Mosby insists he is entitled to equitable tolling.

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Castro*, 292 F.3d at 1065. Petitioner accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of petitioner's filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Moreover, ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Mosby contends that he is entitled to equitable tolling in this federal habeas because he had previously attempted to initiate a federal habeas action in this Court.

3

(ECF No. 33.) On September 3, 2013, the Court received an application to proceed *in forma pauperis* and a habeas petition. (*See Mosby v. Baker*, case no. 2:13-cv-01609-APG-VCF ("*Mosby I*" (ECF No. 1).) On October 15, 2013, the Court issued an order stating that the IFP application was incomplete and that the petition was on a state-court form, not on the form required by this Court, and the petition did not substantially conform to the form required by this Court. (*Mosby I* (ECF No. 2).) The Court denied the IFP application without prejudice, directed the Clerk of Court to send Mosby two copies each of the application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers he submitted. (*Id.*) The Court ordered Mosby to submit an amended IFP application and an amended petition within thirty days. (*Id.*) The Court expressly advised that if Mosby did not file an amended petition the action would be dismissed. (*Id.*) Mosby sought an extension of time to comply with the Court's order, which this Court granted on November 7, 2013. (*Mosby I* (ECF Nos. 3, 5).) Mosby filed an inmate trust account statement in support of his IFP application. (*Mosby I* (ECF No. 6).) However, he failed to file an amended petition, in contravention to the Court's orders dated October 15, 2013, and November 7, 2013. (*Mosby I* (*see* ECF Nos. 6, 7).) Accordingly, this Court dismissed that habeas action without prejudice on February 6, 2014, and judgment was entered. (2:13-cv-01609-APG-VCF (ECF Nos. 7,8).)[2]

Mosby now argues that he is entitled to equitable tolling of this current federal habeas petition back to the date that he had attempted to initiate the first federal habeas action. This argument is unavailing. Mosby has not demonstrated that the *Mosby I* was improperly dismissed; Mosby failed to comply with the Court rules and failed to comply with two separate Court orders to file an amended petition, and the Court dismissed the first habeas action on those bases. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir.

///

---

[2] Mosby also attempted to file a second federal habeas petition on March 28, 2014. (*Mosby v. Baker,* case no. 3:14-cv-00171-MMD-VPC (*Mosby II*.)) On April 14, 2014, the Court dismissed the action without prejudice for failure to file an IFP application or pay the filing fee, and judgment was entered. (*Mosby II* (ECF Nos. 3, 4).)

4

2000) (*pro se* habeas litigants are entitled to a "statement of the grounds for dismissal and an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome"). The Court further notes that in *Mosby I,* Mosby's motion for extension of time indicated that he understood that he needed to amend his IFP application and petition. (*Mosby I* (ECF Nos. 3).) Mosby simply has not shown that extraordinary circumstances prevented him from timely filing this current action. Accordingly, the petition will be dismissed with prejudice as time-barred.

### III.   CERTIFICATE OF APPEALABILITY

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations with respect to Mosby's petition, the Court finds that none of those rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability for its dismissal of Mosby's petition.

### IV.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 28) the petition is granted. The petition is dismissed as time-barred.

It is further ordered that respondents' motion for leave to file exhibit under seal (ECF No. 30) is granted.

It is further ordered that petitioner's motion for extension of time to file an opposition to the motion to dismiss (ECF No. 32) is granted *nunc pro tunc*.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 26th day of July 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE